IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SYNENTHIA CROSBY,

    Plaintiff,

      v.

PUBLIX SUPER MARKETS, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-2442-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendant's Motion for Partial Summary Judgment [Doc. 41]. For the reasons set forth below, the Defendant's Motion for Partial Summary Judgment [Doc. 41] is GRANTED in part and DENIED in part.

## I. Background[1]

The Plaintiff Synenthia Crosby was struck from behind with a line of shopping carts pushed by an employee of the Defendant Publix Super Markets, Inc. as she entered the Publix store in Canton on December 23, 2020. (Def.'s Statement of Undisputed Material Facts ¶¶ 1–2; Doc. 40, at 16:49). The carts struck her lower back and buttocks, but the collision did not knock her to the

---

[1] The operative facts on the Motion for Partial Summary Judgment are taken from the Defendant's Statement of Undisputed Material Facts. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B). As the Plaintiff here has not filed a response to the Motion, the Court deems the Defendant's Statement of Undisputed Material Facts admitted.

ground. (Def.'s Statement of Undisputed Material Facts ¶¶ 2–3). She claims that she suffered neck and lower back injuries as a result of the collision and underwent medical treatment for the injuries for two years following the incident. (*Id.* ¶¶ 4–5). The Plaintiff went to the hospital on the day of the incident and complained of mild lower back pain but did not complain of any neck pain. (*Id.* ¶¶ 7–8). Her providers noted that their clinical suspicion of any traumatic injuries was low but diagnosed her with acute midline low back pain without sciatica. (*Id.* ¶¶ 9). The Plaintiff proceeded to receive treatment for her back pain through December 2022. (*Id.* ¶¶ 10–20).

The Plaintiff filed the present action in Cobb County State Court on May 9, 2022, and the Defendant timely removed on June 17. Remaining before the Court are the Plaintiff's claims for premises liability, vicarious liability, and negligent training and supervision against the Defendant. The Defendant now moves for partial summary judgment on causation and damages.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue

2

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Despite the Defendant's lack of opposition, the Court "cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

### III. Discussion

The Defendant argues that it is entitled to summary judgment on the Plaintiff's negligence claims because the Plaintiff failed to present expert evidence on causation that would support the "specialized medical questions" underpinning the back and neck injuries in her case. (Br. in Supp. of Def.'s Mot. for Part. Summ. J., at 2). Such questions, the Defendant contends, include "[w]hether the extensive nature, extent, and duration of Plaintiff's alleged low-back injury and treatment are causally related to the subject incident" and "whether an impact to the low back, with no subsequent fall or diagnosis of secondary injury, can cause disc bulges in the cervical spine." (*Id.* at 6, 12).

Although a plaintiff need not generally produce expert evidence to prove causation to support a negligence claim, "expert testimony is necessary where the issue of causation presents 'specialized medical questions,' i.e., where 'the link between a defendant's actions and the plaintiff's injury is beyond common knowledge and experience' and presents medical questions that 'can be answered accurately only by witnesses with specialized expert knowledge.'" *Cooper v. Marten Transp., Ltd.*, 539 F. App'x 963, 967–68 (11th Cir. 2013) (citation omitted). As an illustration, "whether an automobile collision caused a backache later the same day is not the type of medical question that requires expert testimony." *Id.* at 968 (citation omitted). The Supreme Court of Georgia has reiterated that "most 'medical questions' relating to causation are perfectly capable of resolution by ordinary people using their common knowledge and experience, without the need for expert testimony." *Cowart v. Widener*, 287 Ga. 622, 628 (2010).

Against this legal backdrop, the Court concludes that summary judgment is warranted in favor of the Defendant as to the Plaintiff's claim for injuries to her neck but not her claim for injuries to her back. The primary case that the Defendant relies on in support of its argument pertaining to her back injuries, *Mejia v. Target Corp.*, 2023 WL 3680117 (N.D. Ga. Apr. 6, 2023), does not even implicate the issue of specialized medical questions requiring expert testimony. *See id.* at *4 (discussing whether the plaintiff presented evidence that her slip and fall incident at Target caused an injury necessitating her

4

subsequent shoulder surgery). In the other case on which the Defendant relies, *Embry v. Vance*, 2013 WL 2457958 (N.D. Ga. June 5, 2013), this Court found that allegations of injuries to a plaintiff's nervous system following a car accident required expert testimony to prove negligence because the connection between the accident and injuries to her nervous system were not "capable of resolution by ordinary people using their common knowledge and experience." *Id.* at *2 (citation omitted).

In contrast, the Plaintiff here merely alleges that she sustained injuries from being struck in her back by the Defendant's shopping carts and has incurred medical expenses to treat those injuries. (Am. Compl. ¶¶ 6–8). Under these circumstances, the Court concludes that such alleged back injuries are not of the complex sort that require more than common knowledge and experience to prove. *See Calhoun v. Wal-Mart Stores E., LP*, 2017 WL 9362708, at *7 (N.D. Ga. July 24, 2017) (finding expert testimony unnecessary to establish a causal connection between a bump from a line of shopping carts and a plaintiff's complaints of back pain). Therefore, the Defendant is not entitled to summary judgment on the issue of causation as to the Plaintiff's negligence claim for injury to her back.

Regarding the Plaintiff's complaints of neck pain, however, the Court concludes that the Plaintiff's failure to proffer an expert opinion in support of the causal connection between the incident and her alleged neck injuries precludes any recovery for damages attributable to those injuries. *See id.* at *5.

("The undisputed facts and the Court's review of the videotape of the incident inform that Plaintiff was bumped only slightly from behind by the shopping carts. Plaintiff did not fall down, and there was no impact to her wrist, neck, or head. Given these facts, the existence of a causal link between the shopping cart incident and the alleged injuries to Plaintiff's wrist, neck, and brain 'cannot be determined from common knowledge and experience and instead requires the assistance of experts with specialized medical knowledge.'" (citation omitted)). As was the case in *Calhoun*, the video of the incident here shows the shopping carts colliding with the Plaintiff's legs and lower back without any perceivable impact to her neck. (Doc. 40, at 16:49). Accordingly, summary judgment in favor of the Defendant is proper as to any recovery attributable to the Plaintiff's alleged neck injuries.

## IV. Conclusion

For the foregoing reasons, the Defendant's Motion for Partial Summary Judgment [Doc. 41] is GRANTED in part and DENIED in part. It is GRANTED as to the Plaintiff's negligence claims for damages attributable to any neck injuries and is DENIED as to the Plaintiff's negligence claims for damages attributable to any lower back injuries.

SO ORDERED, this ___12th___ day of April, 2024.

THOMAS W. THRASH, JR.
United States District Judge